```
 1              IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION


 3
     MARY M. ZAPATA, ET AL           )
 4                                   )
                                     )
 5                                   )
     VS.                             )  CIVIL ACTION NO.
 6                                   )  B-16-CV-030
                                     )
 7                                   )
     HSBC HOLDINGS, ET AL            )
 8                                   )

 9


10                    MISCELLANEOUS HEARING
             BEFORE THE HONORABLE ANDREW S. HANEN
11                       MAY 16, 2016

12


13


14                 A P P E A R A N C E S

15

      FOR THE PLAINTIFFS:
16
          MR. RICHARD M. ELIAS
17        MR. GREG G. GUTZLER
          MS. TAMARA M. SPICER
18        ELIAS GUTZLER SPICER, LLC
          1924 Chouteau Avenue, Suite W
19        St. Louis, Missouri 63103
          Phone:  314.637.6350
20
      FOR THE PLAINTIFFS:
21
          MR. B. TREY MARTINEZ, III
22        MARTINEZ BARRERA MARTINEZ LLP
          1201 E. Van Buren Street
23        Brownsville, Texas 78520
          Phone:  956.550.4868
24

25
```

```
 1   FOR THE PLAINTIFFS:

 2        MR. E. MICHAEL RODRIGUEZ
          ATLAS HALL & RODRIGUEZ LLP
 3        50 W. Morrison Road, Suite A
          Brownsville, Texas 78520
 4        Phone:  956.574.9333

 5
     FOR THE DEFENDANTS:
 6
          MR. MITCHELL C. CHANEY
 7        JAIME ARTURO SAENZ
          COLVIN CHANEY SAENZ & RODRIGUEZ
 8        LLP
          1201 E. Van Buren Street
 9        P.O. Box 2155
          Brownsville, Texas 78522
10        Phone:  956.542.7441

11
     FOR THE DEFENDANTS:
12
          MR. MARC R. COHEN
13        MAYER BROWN LLP
          1999 K. Street NW
14        Washington, DC 20006
          Phone:  202.263.3000
15

16

17

18

19

20

21

22

23

24

25
```

14:05:38   1              THE COURT:  All right.  We're here in

14:05:41   2   B-16-30, Zapata, et al. versus HSBC.

14:05:47   3              Counselors, if you would introduce yourself.

14:05:49   4              Mr. Chaney, let's start with your table,

14:05:52   5   please, if you will.

14:05:52   6              MR. CHANEY:  Your Honor, Mitchell Chaney.

14:05:54   7   I'm here for the Defendants with Jaime Saenz and

14:05:57   8   Mark Cohen, who's with Mayer Brown in their

14:06:00   9   Washington, D.C. office.

14:06:02  10              THE COURT:  Okay.

14:06:04  11              MR. ELIAS:  Good afternoon, Your Honor, my

14:06:05  12   name is Richard Elias.  I am here with my colleagues

14:06:08  13   Greg Gutzler and Tammy Spicer from my firm, as well as

14:06:12  14   Michael Rodriguez and Trey Martinez.

14:06:15  15              THE COURT:  All right.  I'm going to take

14:06:17  16   this in kind of a strange order, but I -- there's a

14:06:20  17   method to my madness here.

14:06:22  18              I have read the complaint and it tosses

14:06:31  19   around the concept of whether something's been -- you

14:06:37  20   know, whether the cartels have been designated as a

14:06:40  21   terrorist organization.  But the liability is not -- as

14:06:44  22   far as I can tell, it's not predicated on it.

14:06:46  23              You know, the liability's predicated on 18

14:06:49  24   U.S.C. 2333.  And then, where it uses 2339, it uses

14:06:57  25   2339(a) and 2339(c).

14:07:01  1          And, so, I want to know how much difference
14:07:05  2  does it make to the merits of this lawsuit whether or
14:07:10  3  not they've been designated a terrorist organization.
14:07:15  4          MR. ELIAS:  Your Honor, I can take that
14:07:16  5  question.
14:07:16  6          THE COURT:  Okay.
14:07:17  7          MR. ELIAS:  If by "designated" you mean,
14:07:19  8  have they been designated by Congress as an FTO --
14:07:19  9          THE COURT:  Or the Secretary of State.
14:07:22  10         MR. ELIAS:  -- or the Secretary of State, it
14:07:24  11 makes no difference in terms of whether they have
14:07:26  12 liability under 2339(a) or 2339(c).
14:07:31  13         The -- the -- the ATA is -- is very broad.
14:07:34  14 Its definition of terrorism is very broad.  There is a
14:07:38  15 specific section that deals with FTO's, Foreign
14:07:43  16 Terrorist Organizations, that is 2339(b).
14:07:47  17         2339(a) and 2339(c) has no requirement for
14:07:50  18 liability to attach under those provisions that the
14:07:53  19 organizations be deemed FTO's by either Congress or the
14:07:57  20 Secretary of State.
14:07:58  21         In fact, there are -- 2339(a) is predicated
14:08:01  22 on very specific terrorism related crimes, all of which
14:08:06  23 were violated in this case.
14:08:07  24         2339(c) is more general.
14:08:10  25         So, to answer your question, it is certainly

14:08:12   1   our position that, in terms -- in order for liability to

14:08:15   2   attach, it is not necessary that the organizations be

14:08:18   3   deemed FTO's.

14:08:20   4           THE COURT:  Mr. Chaney, what's your view on

14:08:23   5   this?

14:08:23   6           MR. CHANEY:  Your Honor, I was all prepared

14:08:24   7   to talk about briefing schedules.

14:08:26   8           THE COURT:  I know you were.

14:08:28   9           MR. CHANEY:  I'd like -- I'd like for

14:08:29  10   Mr. Cohen, if it's okay with you, Judge --

14:08:31  11           THE COURT:  No, I -- Mr. Cohen's fine.

14:08:33  12           MR. CHANEY:  Okay.  Thank you.

14:08:36  13           MR. COHEN:  Well, Your Honor, as first

14:08:38  14   stated, one of the reasons we're here today is to avoid

14:08:41  15   lengthy conversations until the court decides it has

14:08:44  16   jurisdiction over the parties, but I'll let Mr. Chaney

14:08:47  17   talk to that.

14:08:48  18           But I think what Mr. Elias says is accurate.

14:08:51  19   There is -- of course, it's a lot easier if you are

14:08:52  20   designated.  It's sort of probative of all sorts of

14:08:55  21   issues, but, under the two subsections they're claiming

14:08:57  22   under, it's not an absolute requirement that you need to

14:09:00  23   be designated.

14:09:01  24           THE COURT:  All right.  All right.  Here's

14:09:02  25   the reason --

14:09:03  1            MR. COHEN:  But it doesn't -- I wouldn't

14:09:04  2  say -- don't take that to mean that -- that we concede

14:09:09  3  that they've pleaded properly in terms of the nature of

14:09:10  4  the incidents, or that there are terrorist organizations

14:09:12  5  involved here, or acts of terrorism.  But it's not an

14:09:15  6  absolute requirement under those two sections.

14:09:17  7            THE COURT:  Here's -- here's why I asked

14:09:17  8  this.

14:09:18  9            And, Mr. Chaney, I, too, was here to talk

14:09:20  10  about briefing schedules and -- but, after I read the

14:09:25  11  complaint, my daughter is publishing a law review

14:09:31  12  article that the theme of it is that the cartels ought

14:09:34  13  to be designated as a terrorist organization.  That's

14:09:37  14  their -- that's basically the bottom line.  It has

14:09:41  15  nothing to do with (a) or (b), but it has a lot to do

14:09:44  16  with 2339 -- I mean, (a) or (c), 39(b).

14:09:51  17            And, you know, I'll have to -- I can't deny

14:09:55  18  I have read her article.  And I -- I think what I'm

14:10:02  19  going to do is give both sides the opportunity to ask me

14:10:09  20  to recuse because of that if you want to.

14:10:13  21            In fact, the procedure will be, today is the

14:10:17  22  16th, I'll give you until, let's see if I have a

14:10:21  23  calendar in here, the 27th.  So that's not this Friday,

14:10:32  24  but the Friday afterwards.  Let me be sure.  Yeah.  And

14:10:38  25  just file something with the court.  Don't file it with

14:10:41  1    me.  Don't send it to me.  And -- and you -- you can

14:10:44  2    file it sealed and just say, you know, if -- you know, I

14:10:47  3    would like the Judge to recuse himself.

14:10:49  4            And, if either side files that, the clerks

14:10:53  5    office will let me know that -- they won't say which

14:10:55  6    side, they'll just say one of the sides has asked you to

14:11:00  7    recuse.

14:11:01  8            It's not published yet, but it's going to be

14:11:04  9    published, as I understand, in one of the journals at

14:11:07  10   UT.  But the theme of the article, basically, is that

14:11:17  11   there's no reason for the State Department not to

14:11:20  12   designate them.  Basically because it puts another arrow

14:11:27  13   or two in their -- in the criminal side quiver.  It has

14:11:32  14   nothing to do with civil liability, but, because of

14:11:36  15   that, the subject matter's pretty close and I wanted to

14:11:39  16   bring it to both of y'all's attention.

14:11:42  17           MR. CHANEY:  Should we -- having heard that,

14:11:46  18   I don't know -- obviously, both sides need to speak to

14:11:49  19   their clients.

14:11:50  20           THE COURT:  Well, that's why I gave you, you

14:11:51  21   know, basically two weeks.

14:11:53  22           MR. CHANEY:  I understand.  Should we --

14:11:56  23   should we put off this decision for you to make until

14:11:59  24   we --

14:11:59  25           THE COURT:  Well, except, here's what I'm

14:12:02   1   thinking is let me -- let me institute a schedule that

14:12:06   2   both sides agree to.  The -- about the initial.

14:12:11   3   Because, I mean, if somebody asks me to step down, I

14:12:13   4   will do it.  I'll -- I'll tell you that right now.  But

14:12:19   5   whoever inherits this is going to have the venue issue,

14:12:22   6   they're going to have the dismissal issue, you're going

14:12:24   7   to have all these different issues.  And that's before

14:12:27   8   you get to the regular issues of, like, causation.

14:12:31   9          But it can -- it can be a working schedule,

14:12:36   10   and, if both sides agree to it, I think whoever inherits

14:12:40   11   it from me, and -- and it may be Judge Tagle, given

14:12:45   12   that -- that Judge Olvera won't take it, it will already

14:12:52   13   be in place and -- and y'all can move forward on it.

14:12:57   14          And, then, if they have to, you know,

14:12:59   15   because of the Judge's schedule, or whatever, have to

14:13:01   16   amend it, but, I mean, my looking at this thing, I think

14:13:06   17   it's going to take, you know, some pretty heavy duty

14:13:11   18   briefing on both sides.

14:13:12   19          MR. CHANEY:  And, Judge, kind of jumping

14:13:16   20   ahead a little bit from what I was -- the order of which

14:13:20   21   I was going to talk, they have just now filed, I say

14:13:24   22   just now, very recently, filed an amended complaint.

14:13:28   23          I'm not sure if you read that or the

14:13:30   24   original complaint.  The amended complaint --

14:13:31   25          THE COURT:  Well, I can tell you which one.

14:13:33  1   I -- I read the amended.

14:13:34  2        MR. CHANEY:  Okay.  And it wasn't filed

14:13:38  3   permissibly under Rule 15.  We each did -- we reached

14:13:41  4   out to them to say, let's work on a schedule.  We won't

14:13:46  5   object, we won't file a motion to strike because it

14:13:49  6   should -- the court, in the rule, should grant it

14:13:53  7   freely.  I'd love to reach an agreement about the

14:13:55  8   bifurcation -- the bifurcated briefing, but they're

14:13:59  9   opposed to the concept.  And so I don't know how we can

14:14:02  10  reach an agreement on that.

14:14:03  11       THE COURT:  Well, let me help you reach an

14:14:05  12  agreement on that.  Because -- because I -- I -- I

14:14:11  13  think, whether it's me or whether it's some other Judge,

14:14:13  14  they're going to want to know, you know, if -- if -- if

14:14:16  15  they -- if -- if I don't have the case, you know, I

14:14:22  16  don't want to wade through a bunch of briefs on a bunch

14:14:25  17  of ancillary subjects if it's going to be decided by a

14:14:28  18  Judge in New York or somewhere else.

14:14:30  19       So, I mean, I think that's the first issue

14:14:32  20  that any Judge is going to want to hear about.

14:14:34  21       Go ahead.

14:14:37  22       MR. ELIAS:  Your Honor, I -- I -- the one

14:14:37  23  thing that I want to add is that, naturally, the court

14:14:41  24  has to address the jurisdictional challenges.  The issue

14:14:44  25  that they want is, and that they -- and that they've

14:14:47  1   brought to your attention, is -- is bifurcating

14:14:49  2   briefing.

14:14:51  3          It is -- there is no dispute that this court

14:14:55  4   has jurisdiction over at least one of the entities.

14:14:57  5   That is HSBC U.S.  That is a bank that admitted criminal

14:15:02  6   liability for its willful conduct in facilitating the

14:15:06  7   laundering of $881 million from Mexico into the

14:15:09  8   United States.

14:15:11  9          So, no matter what ruling this court makes,

14:15:15  10  whoever the Judge is, they're going to have to reach the

14:15:18  11  merits on -- on -- on the 12(b)6 issue with respect to

14:15:22  12  HSBC U.S. because it is our intent to proceed with

14:15:27  13  HSBC U.S. in this court.

14:15:28  14          THE COURT:  Well, some judges, though, might

14:15:31  15  look at the venue issue first and let -- if they decide

14:15:35  16  that venue -- and -- and, again, I haven't seen either

14:15:38  17  side argue the venue -- but, I mean, I could see, quite

14:15:42  18  frankly, where it may be one of those situations where

14:15:44  19  venue is proper here, but maybe better somewhere else.

14:15:48  20  Or it may be not proper, or it may be better here than

14:15:53  21  somewhere else.

14:15:54  22          MR. CHANEY:  We have conceded, Your Honor,

14:15:57  23  that venue would be proper for three of the four

14:16:00  24  Defendants in New York.  So it may be that a court,

14:16:03  25  looking at the jurisdiction and -- and venue briefing,

14:16:10  1   decides that, excuse me, three of the four, there is

14:16:14  2   venue in New York.

14:16:15  3           The fourth, which is the United Kingdom

14:16:19  4   Corporation, our position is, and we've put it in our --

14:16:22  5   our brief, has had no contact with any state in the

14:16:26  6   United States.

14:16:27  7           So, two of the three, three of the three

14:16:30  8   remaining has -- would, theoretically, have venue and

14:16:35  9   jurisdiction in New York.  So you very well might

14:16:38  10  decide, or a court may very well decide that.

14:16:41  11          And all we're saying is it would save a lot

14:16:44  12  of time and resources, both public resources for the

14:16:46  13  court and private for our -- for all the clients, if we

14:16:50  14  were able to brief that first and have a decision about

14:16:53  15  whether Fifth or Sixth or Second Circuit substantive law

14:16:58  16  might apply should we get to the 12(b)6 issue.

14:17:01  17          THE COURT:  Well, Mr. Chaney, what's your

14:17:03  18  proposal?  Let's talk about specifics.

14:17:06  19          MR. CHANEY:  My -- my proposal is, given

14:17:08  20  that they've amended and didn't get court consent, or

14:17:12  21  our written consent, out of time, that -- that we get

14:17:17  22  three weeks to file our -- all of our motions to the

14:17:23  23  amended complaint.

14:17:24  24          We will agree on the record, or we can put

14:17:27  25  it in a document, that their -- their amended complaint

| | | |
|---|---|---|
| 14:17:30 | 1 | is the one that we will respond to. |
| 14:17:33 | 2 | And -- and -- and then, what we'd like to |
| 14:17:36 | 3 | do, is to get an additional, say, two weeks, to actually |
| 14:17:41 | 4 | brief the motion just for jurisdiction and venue. |
| 14:17:45 | 5 | So that our motions will be on file -- |
| 14:17:47 | 6 | THE COURT:  Well, let me stop you there. |
| 14:17:48 | 7 | Let me stop you there. |
| 14:17:49 | 8 | Any problem with that? |
| 14:17:50 | 9 | MR. ELIAS:  Yes, Your Honor. |
| 14:17:51 | 10 | THE COURT:  Okay.  Tell me what the |
| 14:17:53 | 11 | problem is. |
| 14:17:53 | 12 | MR. ELIAS:  Sure.  I -- I want to say, first |
| 14:17:54 | 13 | of all, that we have properly filed the first amended |
| 14:17:57 | 14 | complaint.  I've -- and they -- they raise it in a |
| 14:18:00 | 15 | footnote, but I can provide the authority to the court, |
| 14:18:02 | 16 | that, where extension of time -- where time is extended, |
| 14:18:05 | 17 | there is an incomitant extension under your right to |
| 14:18:09 | 18 | file under Rule 15. |
| 14:18:10 | 19 | But that aside, Your Honor -- |
| 14:18:12 | 20 | THE COURT:  You don't have to worry about |
| 14:18:13 | 21 | that. |
| 14:18:13 | 22 | MR. ELIAS:  Okay. |
| 14:18:14 | 23 | THE COURT:  I'm easy. |
| 14:18:15 | 24 | MR. ELIAS:  Okay.  All right.  Okay. |
| 14:18:17 | 25 | MR. CHANEY:  They've already won, so I -- I |

14:18:20  1   agree.

14:18:22  2           MR. ELIAS:  Your Honor, so, if I just heard

14:18:24  3   counsel correct, they want to file a motion in three

14:18:28  4   weeks and then a brief --

14:18:32  5           THE COURT:  Well, I think what they're

14:18:33  6   saying is they want to respond to -- they want three

14:18:35  7   weeks to respond to the amended complaint.  And I don't

14:18:38  8   think they're making any secret, their response is going

14:18:41  9   to be a motion to dismiss.

14:18:42  10          MR. CHANEY:  Well --

14:18:42  11          MR. ELIAS:  Correct.  And I -- we don't have

14:18:44  12  any --

14:18:44  13          THE COURT:  Or a motion to transfer.

14:18:46  14          MR. ELIAS:  -- we don't have any problem

14:18:46  15  with that.  What we want is that that motion be an

14:18:50  16  omnibus motion as --

14:18:51  17          MR. CHANEY:  We --

14:18:51  18          MR. ELIAS:  -- as -- as -- as contemplated

14:18:54  19  under 12(g), which means that they bring all of their --

14:18:55  20  they brief all of the issues together.  It's up to the

14:18:57  21  court, certainly, to decide how it wants to take the

14:18:59  22  issues, but, certainly, these issues need to get brought

14:19:03  23  to the court, including any jurisdictional/venue

14:19:06  24  arguments, as well as the substantive arguments on -- on

14:19:09  25  Rule -- under Rule 12(b)6.

```
14:19:12   1              THE COURT:  All right.  Here's -- here's
14:19:14   2    what -- let's -- let's -- I'm allowing the -- the
14:19:21   3    amended complaint you just filed.  So, I mean, we're not
14:19:24   4    having a problem there.
14:19:25   5              And -- and, Mr. Chaney, I'm going to give
14:19:27   6    your clients until June 3rd to respond to that amended
14:19:45   7    complaint in any way, fashion, you see fit, which, I
14:19:52   8    assume, is going to be a motion to dismiss as opposed to
14:19:54   9    an answer.  Or a Motion to Transfer Venue.
14:19:57  10              MR. CHANEY:  And, Your Honor, what we were
14:19:59  11    intending to do was to file a motion that raises all our
14:20:02  12    12(b) defenses.  We have 12(b)3 jurisdiction and 12(b)4
14:20:07  13    venue defenses, as well as 12(b)6.
14:20:10  14              And -- and we've always said, and we said in
14:20:14  15    our reply and we've said to them on the phone, we don't
14:20:17  16    intend to have serial motions or to have a number of
14:20:22  17    different motions.
14:20:23  18              We want to have one motion that will contain
14:20:25  19    all of our defenses, including the request to transfer
14:20:28  20    under 1404 and 1406.
14:20:30  21              We just don't want to have to brief the
14:20:33  22    12(b)6 part of it until the court rules on the others.
14:20:36  23    That's all we're asking.
14:20:37  24              THE COURT:  Now, wait a minute.  Say that
14:20:39  25    again.  You -- you don't want to brief the 12(b)6 until
```

14:20:43  1  the jurisdictional issues?

14:20:44  2          MR. CHANEY:  Exactly.  So -- so what we're

14:20:47  3  asking is that we will file the -- the motion -- we have

14:20:51  4  21 days -- or, excuse me, we have 14 days under the rule

14:20:55  5  after they file an amended complaint, which, I guess, is

14:20:59  6  today.

14:21:00  7          And we're going to raise all of the defenses

14:21:03  8  in our motion, which is both 12(b) and to transfer

14:21:08  9  because of improper venue.  We just don't want to have

14:21:11  10  to brief the failure to state a claim part of it because

14:21:17  11  we will be briefing Fifth Circuit law.  And, if -- if

14:21:21  12  the case is transferred, the law is that the transferee

14:21:26  13  court circuit law applies.

14:21:27  14          So we would have to re-brief the 12(b)

14:21:31  15  motions -- I mean, the 12(b)6 part of it in New York,

14:21:36  16  theoretically.  And that's what we'd like to not do.

14:21:39  17          THE COURT:  Tell me what's wrong with that.

14:21:39  18  Why -- why --

14:21:40  19          MR. ELIAS:  I will -- I will tell you what's

14:21:42  20  wrong with that.  It contravenes Rule 12(g)'s

14:21:45  21  consolidation requirement.

14:21:46  22          And, Your Honor, in the response to their

14:21:48  23  reply to their motion, we did -- we did cite the law.

14:21:50  24  But, under 12(g), all 12(b)6 -- all 12(b) motions need

14:21:55  25  to be brought together.

| 14:21:56 | 1 | THE COURT:  No.  No.  They're going to bring |
| 14:21:58 | 2 | it. |
| 14:21:58 | 3 | MR. ELIAS:  I -- I -- I -- |
| 14:21:58 | 4 | THE COURT:  They're just not going to brief |
| 14:22:00 | 5 | it. |
| 14:22:00 | 6 | MR. ELIAS:  I understand. |
| 14:22:00 | 7 | MR. CHANEY:  That's exactly the difference, |
| 14:22:02 | 8 | Your Honor. |
| 14:22:02 | 9 | MR. ELIAS:  And -- and -- and -- and, |
| 14:22:03 | 10 | Your Honor, the dif -- the problem with that is that |
| 14:22:04 | 11 | there is no difference in substance, there's no |
| 14:22:08 | 12 | substantive difference, between filing a motion and then |
| 14:22:13 | 13 | deferring briefing until one issue is resolved than to |
| 14:22:17 | 14 | be -- than to file the motion separately.  The -- the |
| 14:22:19 | 15 | whole purpose behind Rule 12(g) is to -- is -- is to |
| 14:22:24 | 16 | ensure that threshold motions are adjudicated together. |
| 14:22:30 | 17 | THE COURT:  And I agree with that. |
| 14:22:32 | 18 | MR. ELIAS:  And that -- and that there is |
| 14:22:33 | 19 | not piecemeal adjudication and serial filings of -- of |
| 14:22:37 | 20 | arguments in furtherance of threshold motions. |
| 14:22:41 | 21 | And, Your Honor, I'll cite to you, and I |
| 14:22:43 | 22 | have cited, the Fifth Circuit case that stands for that |
| 14:22:45 | 23 | exact proposition.  That's the *Floyd* case.  And we cited |
| 14:22:49 | 24 | it in our papers.  And also this court itself, in -- in |
| 14:22:53 | 25 | several instances, has discussed the salutatory purpose |

14:23:00   1    behind Rule 12(g) and we think that it would be a delay,

14:23:05   2    an unnecessary delay, to defer briefing on all of the

14:23:09   3    issues.

14:23:09   4            If they're going to present their motion,

14:23:11   5    they should present all of their arguments at once.

14:23:16   6    And, whether the court decides to dismiss some of the

14:23:19   7    Defendants or not, again, Your Honor, we have -- we

14:23:23   8    submit to this court that jurisdiction is appropriate,

14:23:27   9    and venue, as they do admit, is appropriate over HSBC

14:23:31  10    U.S. under the ATA.   And we're going to have to get to

14:23:35  11    these issues anyway, at least with respect to HSBC U.S.

14:23:41  12            THE COURT:   So I -- and I -- here's what I'm

14:23:41  13    going to do.

14:23:41  14            Mr. Chaney, you've got until the 3rd to

14:23:43  15    respond and you've got to the 17th to fully brief

14:23:48  16    everything but the 12(b)6.

14:23:51  17            MR. CHANEY:   Thank you, Judge.

14:23:52  18            THE COURT:   All right.   And from the

14:23:54  19    Plaintiff's standpoint, two weeks, three weeks, how much

14:23:58  20    time do you think you need to respond?   We're talking

14:24:00  21    all the jurisdictional, all the venue, how much time do

14:24:04  22    you need?

14:24:05  23            MR. ELIAS:   If it's -- if -- if it's being

14:24:07  24    presented only as the jurisdictional arguments --

14:24:10  25            THE COURT:   Well, it's going to be venue,

14:24:12  1   too, because they want to go to New York.

14:24:14  2              MR. ELIAS:  I understand.  Your Honor, we --

14:24:16  3   we will -- three weeks would be fine.

14:24:21  4              THE COURT:  Okay.  So you -- so, Mr. Chaney,

14:24:23  5   you have until the 17th.  And -- and the Plaintiffs have

14:24:28  6   to July 8th to respond to it.

14:24:34  7              And that's everything but the 12(b)6.

14:24:42  8              And then, if it's in my court, I'll rule on

14:24:47  9   it and we'll immediately brief the 12(b)6 and -- and get

14:24:52  10  it done and then we'll go to the merits.

14:24:54  11             MR. CHANEY:  Perfect.

14:24:55  12             THE COURT:  Assuming we're here.

14:24:57  13             MR. CHANEY:  Perfect.

14:24:58  14             THE COURT:  And if it's in somebody else's

14:25:01  15  court, at least we're moving the ball down the line.

14:25:03  16             Because, if I don't do it now, you guys are

14:25:05  17  going to be mired for another six weeks waiting until

14:25:07  18  somebody gets appointed.

14:25:10  19             MR. ELIAS:  Right.

14:25:12  20             THE COURT:  And, either way, this gets the

14:25:13  21  ball rolling and -- and gets it moving.

14:25:21  22             And I --

14:25:23  23             MR. CHANEY:  Judge, could we have --

14:25:25  24             THE COURT:  -- I could see a down side to

14:25:29  25  that.

| | |
|---|---|
| 14:25:30 | 1 |

Go ahead, Mr. Chaney.

14:25:30  2   MR. CHANEY:  To the extent we feel like a

14:25:33  3  reply is necessary, could we have a week after their

14:25:35  4  deadline to file a reply?

14:25:37  5   THE COURT:  Yes.

14:25:38  6   MR. CHANEY:  And -- and I assume that the

14:25:39  7  court, taking the threshold issues like this -- and, by

14:25:42  8  the way, Judge, in our papers, we said we would file

14:25:45  9  the -- all the 12(b) stuff within 14 days of your

14:25:49  10  decision if part of the case stays here, but I assume

14:25:52  11  that -- that we don't need to have the pretrial

14:25:56  12  conference and file all that until the court rules on

14:25:59  13  jurisdiction and --

14:25:59  14   THE COURT:  That's correct.

14:26:01  15   MR. CHANEY:  Okay.

14:26:01  16   THE COURT:  That's correct.  And -- and --

14:26:03  17  and I -- I understand, you know, you're accurate, you're

14:26:06  18  not misquoting the rule, you're right about the rule.

14:26:09  19   But, as a practical matter, any Judge that

14:26:11  20  gets this, whether it's me or somebody else, they're

14:26:14  21  going to have to work their way through these issues one

14:26:18  22  by one anyway.

14:26:19  23   So -- and they're going to do it with venue

14:26:22  24  and -- and jurisdiction first and then figure out the --

14:26:24  25  the rest of it.

14:26:24  1          So, this just, more or less, formalizes what

14:26:27  2   I think most courts would do informally anyway.

14:26:32  3          MR. CHANEY:  Should --

14:26:36  4          THE COURT:  Mr. Saenz, you can talk, you

14:26:38  5   don't have to whisper to Chaney.

14:26:41  6          MR. SAENZ:  I enjoy whispering.

14:26:43  7          MR. CHANEY:  Just to be clear, the joint

14:26:45  8   discovery case management plan will be in abeyance while

14:26:49  9   you decide?

14:26:50  10         THE COURT:  It will be.  It will be.

14:26:51  11         MR. CHANEY:  Okay.  Thank you, Judge, for

14:26:52  12  your time.

14:26:53  13         THE COURT:  Is there anything else we can

14:26:55  14  resolve today?  And I -- and I -- as I said, I mean, we

14:27:02  15  will -- if either side moves to recuse me, I -- I -- I'm

14:27:05  16  telling you both right now, I will step down.  So --

14:27:09  17  but, until a new Judge changes the schedule, you're --

14:27:14  18  you're bound to this schedule.  So I want to make --

14:27:18  19  make sure everybody understands that, that we're moving

14:27:21  20  forward.

14:27:21  21         Now, if there's a new Judge, obviously, that

14:27:24  22  new Judge can do whatever they want to do.

14:27:27  23         MR. CHANEY:  Sure.

14:27:28  24         THE COURT:  But --

14:27:28  25         MR. ELIAS:  Your -- your --

14:27:30  1          THE COURT:  Go ahead.

14:27:31  2          MR. ELIAS:  I understand that -- I

14:27:35  3  understand that you're holding the 26th conference, or,

14:27:38  4  I'm sorry, our scheduling conference in abeyance.

14:27:41  5          The question I have is:  I think it would be

14:27:46  6  helpful if the parties at least engage in some activity

14:27:51  7  to get the ball rolling.  I'm not saying that requests

14:27:55  8  be responded to, but, certainly, in order to get the

14:27:57  9  balling rolling on discovery, such as at least having

14:28:02 10  the preliminary discussions about how documents are

14:28:05 11  stored, where they're kept, so that, when we do get to

14:28:10 12  the point where we're ready for a schedule, that

14:28:12 13  we're -- we're not starting from -- from a position

14:28:16 14  of -- of --

14:28:17 15          THE COURT:  No, that's fine with me.  I'm

14:28:18 16  not telling you you can't do discovery.  Although, to me

14:28:22 17  what makes sense, of course, and I know the least about

14:28:28 18  this case than either side, is I would be worried about

14:28:34 19  discovery that either one has anything to do with

14:28:36 20  jurisdiction.  You know, if -- if -- y'all may know

14:28:40 21  all -- all the jurisdictional facts, or, two, anything

14:28:43 22  that has to do with what will be the 12(b)6 factors.

14:28:49 23          MR. ELIAS:  And -- and, Your Honor, based on

14:28:51 24  that, we intend on serving requests, so -- so I just

14:28:54 25  wanted to clarify for the court, and I understand that

14:28:56  1   you may not be familiar with all of the issues, but --

14:28:58  2            THE COURT:  No, I'm -- I'm -- I'm giving you

14:28:59  3   permission to do discovery.

14:29:01  4            MR. ELIAS:  Okay.  All right.  Then -- then

14:29:02  5   we will do that.

14:29:03  6            MR. CHANEY:  Your Honor, we -- the problem

14:29:05  7   with that is that -- that the -- the issue that you have

14:29:09  8   to determine first, I think, is whether the court has

14:29:12  9   jurisdiction over these three Defendants and the case is

14:29:16 10   going to be -- the three other than the one and the case

14:29:20 11   is going to be here.

14:29:21 12            Because, I mean, the -- I think the cases

14:29:25 13   suggest that a determination about 12(b) and -- and the

14:29:30 14   jurisdictional issues should be made first.

14:29:33 15            THE COURT:  Well, but if I'm -- Mr. Chaney,

14:29:36 16   if I'm not making it, some other Judge is going to have

14:29:38 17   to make it.

14:29:39 18            MR. CHANEY:  I understand you'll make those

14:29:40 19   decisions, but -- but the -- the pleadings of the

14:29:43 20   Plaintiff have to stand on their own for the court to

14:29:47 21   determine if they're adequate.

14:29:48 22            If they're, you know, if they meet the --

14:29:51 23   the Twombly and Iqbal standards.

14:29:55 24            THE COURT:  Well, I -- that, I understand.

14:29:56 25   But what I'm -- what I was -- and, see, I don't know the

14:29:57   1   facts, but, I mean, if -- if you guys are claiming

14:30:00   2   there's no jurisdiction here because we don't do

14:30:02   3   business in Texas, for instance, they might want to

14:30:05   4   concentrate on, you know, requests for admissions

14:30:08   5   saying, yes, you do.  You know?

14:30:10   6           MR. CHANEY:  They might, but --

14:30:12   7           MR. ELIAS:  And -- and -- and, Your Honor,

14:30:13   8   to that point, okay, we think that the proper analysis

14:30:17   9   here is a nationwide context.

14:30:19   10          But we've also alleged in our amended

14:30:22   11  complaint specific jurisdiction under the Texas long arm

14:30:25   12  statute.  And our basis for that is that a substantial

14:30:28   13  amount of the portions that were laundered in Mexico

14:30:31   14  went from HSBC Mexico into Texas through accounts.  And

14:30:36   15  it includes bulk cash deposits and it includes accounts

14:30:40   16  of known money launderers that HSBC facilitated.

14:30:44   17          Now, it is our position that that goes, not

14:30:46   18  only to jurisdiction, but to the merits.  These issues

14:30:49   19  are very intertwined and -- and so we need to get

14:30:52   20  discovery right away on those issues because they're

14:30:55   21  going to make the argument we're going to have to have

14:30:58   22  that discovery in order to get through the

14:30:59   23  jurisdictional issues anyway.

14:31:01   24          MR. CHANEY:  Judge, they're -- they don't

14:31:02   25  know the arguments that we are going to make.  We're --

14:31:04  1    we're --

14:31:04  2            THE COURT:  Well, presumably, they'll know

14:31:06  3    in two weeks.

14:31:07  4            MR. CHANEY:  Right, they'll know in two

14:31:09  5    weeks, but -- but to submit -- you're talking about --

14:31:11  6    I -- I think we're talking about really complex and

14:31:14  7    expensive discovery.  We've got Defendants in three

14:31:18  8    separate countries.  And the -- the issue of whether you

14:31:21  9    have jurisdiction over the Defendant is one of the --

14:31:24  10   especially HSBC Mexico, the -- the issue isn't contact

14:31:30  11   with the nation under the ATA, as I understand it.  The

14:31:34  12   issue is contact with the nation, with any part of the

14:31:37  13   nation, only if they effect service on the Defendant in

14:31:40  14   the nation.  And they've not done that with any

14:31:43  15   Defendant, other than the bank in New York.

14:31:46  16           So -- so the -- the -- we have said in our

14:31:51  17   brief that the -- the Mexican entities concede that they

14:31:57  18   are willing to be -- to have the case in New York.  So,

14:32:01  19   under Rule 4, that's really the only thing you'd look

14:32:04  20   at.

14:32:04  21           Could we at least ask the court for

14:32:06  22   permission to do this:  At the same time that we file

14:32:10  23   our motion for all but the 12(b)6 motion, could we file

14:32:15  24   a brief on the -- the issue of whether or not discovery

14:32:20  25   should take place prior to the ruling?

14:32:22   1          THE COURT:  Well, and -- and to the extent

14:32:23   2    that I'm still involved, you know, I'll be glad to hear,

14:32:29   3    and you can -- we can do it by phone, or if y'all want

14:32:31   4    to be here, we can do it, you know, sooner or later,

14:32:37   5    though, I mean, we'll resolve the discovery dispute.

14:32:40   6          If there's a discovery dispute, you know, I

14:32:43   7    don't mind the concept of saying, okay, let's -- let's

14:32:47   8    do one, and for lack of a better term, I'll say document

14:32:52   9    production, for instance --

14:32:53  10          MR. ELIAS:  Exactly.

14:32:54  11          THE COURT:  -- that has to do with

14:32:56  12    jurisdictional issues.  You know, and the Plaintiffs

14:33:00  13    aren't barred from coming back and later on asking for

14:33:03  14    one on the merits.

14:33:05  15          Now, there -- will there be some overlap?

14:33:08  16    Sure there will be overlap.

14:33:09  17          MR. ELIAS:  And, Your --

14:33:09  18          MR. CHANEY:  But will you also give us the

14:33:11  19    ability, if they file discovery that we think is

14:33:14  20    inappropriate or -- or we think that the discovery

14:33:18  21    should be stayed up until the time you make the ruling

14:33:21  22    on -- if -- if you're the Judge on venue and

14:33:24  23    jurisdiction, could we file a brief at the same time we

14:33:27  24    file our -- our motion?

14:33:28  25          THE COURT:  Oh, absolutely.  Or you can, you

14:33:30  1    know, point out -- I mean, this is going to be a
14:33:32  2    complicated case for both sides.
14:33:35  3                    MR. ELIAS:  Right.
14:33:35  4                    THE COURT:  I mean, you know, I don't get
14:33:37  5    many complaints like this that are this long and -- and,
14:33:41  6    you know, it's, for lack of a better term, this is
14:33:44  7    tripe, kind of cutting edge stuff.  I think both sides
14:33:48  8    will agree to that.  I mean, you guys might say cutting
14:33:51  9    edge, you guys might say frivolous.  But -- but, you
14:33:56 10    know, given that -- but, I mean, you know, so there's
14:33:59 11    going to be -- you're going to have to work through this
14:34:01 12    together anyway.  So, I will be available to facilitate
14:34:06 13    it and we can walk through it together.  But, you know,
14:34:11 14    and I know the Plaintiffs don't necessarily want it this
14:34:13 15    way, but I think stepping, taking each step at a time,
14:34:18 16    is the best way to do it.
14:34:19 17                    Because I -- any Judge, whether it's me or
14:34:23 18    somebody else, is going to pick venue or jurisdiction
14:34:27 19    and that's what they're going to look at first.  And --
14:34:29 20    and they may look at them together, but -- but they're
14:34:32 21    not going to worry about the merits until they figure
14:34:35 22    out if they've got jurisdiction.
14:34:36 23                    MR. ELIAS:  And, Your Honor, from -- from
14:34:38 24    our standpoint, getting the ball rolling on discovery
14:34:42 25    would help a great deal, particularly the jurisdictional

14:34:45  1    discovery.

14:34:45  2              And I just will flag for the court, you

14:34:48  3    know, what we are going to seek is that discovery of

14:34:51  4    money going from HSBC Mexico from money laundering

14:34:55  5    accounts into the United States, as well as a very

14:34:57  6    discreet set of documents that HSBC has produced to the

14:35:02  7    United States Department of Justice, as well as the --

14:35:04  8    the Senate committee pursuant to their document request

14:35:09  9    that will encompass many of the relevant documents to

14:35:13  10   jurisdiction as well as merits and --

14:35:15  11             THE COURT:  Well, I would just tailor it to

14:35:16  12   that, though.  Tailor it to the jurisdiction and -- and

14:35:19  13   venue.  And -- and I'm, you know, telling you now that,

14:35:25  14   either side, I mean, there's going to be discovery both

14:35:27  15   ways.

14:35:28  16             MR. ELIAS:  Right.

14:35:29  17             THE COURT:  You know, let's resolve these

14:35:31  18   issues and then we'll go to the next set.

14:35:35  19             MR. ELIAS:  Okay.

14:35:35  20             MR. CHANEY:  We'll try to work it out with

14:35:37  21   them, but, if we can't, we'll come back.

14:35:39  22             THE COURT:  If you can't, I'll be glad to --

14:35:41  23   to referee if -- if I'm still on board.

14:35:42  24             MR. CHANEY:  Thank you, Judge.

14:35:43  25             MR. ELIAS:  Thank you, Your Honor.

14:35:44   1                    THE COURT:  Anything else we can resolve

14:35:46   2      today?  All right.  Thank y'all.

14:35:47   3                    MR. ELIAS:  Okay.

1    REPORTER'S CERTIFICATE

2

3    I certify that the foregoing is a correct transcript

4    from the record of proceedings in the above-entitled

5    matter.

6

7

8    __/s/ Sheila E. Perales_____
     SHEILA E. PERALES, CSR RPR CRR
9    Exp. Date:  Dec. 31, 2016

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25