IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY M. ZAPATA (INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JAIME J. ZAPATA); AMADOR ZAPATA, JR.; AMADOR ZAPATA III (INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JAIME J. ZAPATA); CARLOS ZAPATA; JOSE ZAPATA; E. WILLIAM ZAPATA; VICTOR AVILA, JR. (INDIVIDUALLY AND AS GUARDIAN FOR S.A. AND V.E.A.); CLAUDIA AVILA (INDIVIDUALLY AND AS GUARDIAN FOR S.A. AND V.E.A.); VICTOR AVILA; MAGDALENA AVILA; MAGDALENA AVILA VILLALOBOS; JANNETTE QUINTANA; MATHILDE CASON (INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ARTHUR AND LESLEY REDELFS, AND AS GUARDIAN FOR R.R.); ROBERT CASON; REUBEN REDELFS; PAUL REDELFS; KATRINA REDELFS JOHNSON; BEATRICE REDELFS DURAN; RAFAEL MORALES (INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF RAFAEL MORALES VALENCIA); MARIA MORALES; MORAIMA MORALES CRUZ (INDIVIDUALLY AND AS GUARDIAN FOR G.C., A.C., AND N.C.); JUAN CRUZ; LOURDES BATISTA (INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF FELIX BATISTA), ADRIELLE BATISTA, AMARI BATISTA, ALYSANDRA BATISTA, ADAM BATISTA, MARLENE NORONO AND JACQUELINE BATISTA, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | **Case No. 1:16-cv-30** |
| v. | § § | |
| HSBC HOLDINGS PLC; HSBC BANK U.S.A., N.A.; HSBC MÉXICO S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO HSBC; AND GRUPO FINANCIERO HSBC, S.A. DE C.V., | § § § § § § | |
| Defendants. | § § | |

---

**DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §§ 1404 AND 1406 AND TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

---

Defendants HSBC Mexico S.A., Institucion de Banca Multiple, Grupo Financiero HSBC ("HSBC Mexico"), Grupo Financiero HSBC, S.A. de C.V. ("Grupo Financiero"), HSBC Bank U.S.A., N.A. ("HSBC US"), and HSBC Holdings plc ("HSBC Holdings") (collectively "Defendants") move pursuant to 28 U.S.C. §§1404 and 1406 to transfer this action to the Southern District of New York.  Defendants HSBC Mexico, Grupo Financiero and HSBC Holdings move in the alternative to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  All Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The bases for Defendants' motion are outlined below.  Pursuant to this Court's order at the May 16, 2016, conference, Defendants will submit briefing relating to lack of personal jurisdiction and venue on June 17, 2016.  Also pursuant to this Court's order, Defendants will submit briefing on their 12(b)(6) failure to state a claim defense, if necessary, following the resolution of the venue and personal jurisdiction issues.

**I.     Motion to Transfer Pursuant to 28 U.S.C. §§1404 and 1406 or, Alternatively, to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

   A.     <u>HSBC US, HSBC Mexico and Grupo Financiero</u>

The Court lacks personal jurisdiction over HSBC Mexico and Grupo Financiero.  In fact, the only Defendant over which this Court may exercise personal jurisdiction is HSBC US.  Defendants therefore move to transfer this action to the Southern District of New York under 28 U.S.C. §§1404 and 1406 where Defendants acknowledge that personal jurisdiction lies as to HSBC US, HSBC Mexico and Grupo Financiero.

Plaintiffs' Amended Complaint fails to allege that either HSBC Mexico or Grupo Financiero has sufficient contacts with Texas to confer personal jurisdiction under the Texas long-arm

statute. *See* Tex. Civ. Prac. & Rem. Code § 17.042. Neither Defendant is incorporated or maintains its principal place of business in Texas for the purposes of general jurisdiction. Moreover, Plaintiffs' new allegations in their First Amended Complaint relating to "money laundered into Texas" (Am. Compl. ¶¶ 257-61) are insufficient to confer specific jurisdiction in Texas.

Plaintiffs' attempts to impute the "nationwide" (*i.e.*, New York) contacts to Texas also fail. *See* Am. Compl. ¶ 15. The Anti-Terrorism Act ("ATA") contains a nationwide service provision, but this provision authorizes a court to base personal jurisdiction on an ATA defendant's nationwide contacts *only* when that defendant is served with process inside the United States. Here, both HSBC Mexico and Grupo Financiero were served with process in Mexico, *see* Stipulation Regarding Service of Process in Mexico, ECF 22, and any purported U.S. process was ineffective. The federal long-arm statute, which authorizes jurisdiction in federal cases where a defendant is *not* subject to personal jurisdiction in any state but has sufficient contacts with the nation as a whole to comport with due process, is equally inapplicable because HSBC Mexico and Grupo Financiero acknowledge that jurisdiction lies in New York.

Since HSBC Mexico—the primary Defendant against which the majority of allegations relate—and Grupo Financiero are not subject to jurisdiction in Texas, but are subject to jurisdiction in New York, Defendants seek a transfer of this action to the Southern District of New York. Such a transfer is appropriate under 28 U.S.C. §§1404 and 1406. Alternatively, the Court must dismiss claims against HSBC Mexico and Grupo Financiero for lack of personal jurisdiction.

B.   HSBC Holdings

Unlike HSBC Mexico and Grupo Financiero, HSBC Holdings is not subject to personal jurisdiction in this matter in any U.S. court, even under the "nationwide contacts" analysis of Fed. R. Civ. P. 4(k)(2). HSBC Holdings is a United Kingdom bank holding company with its

principal place of business in London.  Plaintiffs' scant allegations relating to HSBC Holdings (Am. Compl. ¶¶ 242-45) fail to establish a claim-specific connection to the United States upon which personal jurisdiction can be based.

While HSBC Holdings seeks dismissal under Fed. R. Civ. P. 12(b)(2), it joins Defendant's motion to transfer under 28 U.S.C. §§ 1404 and 1406, because this Court has the discretion to defer the question of whether personal jurisdiction may be exercised over HSBC Holdings to the transferee court in New York.  Alternatively, the Court must dismiss claims against HSBC Holdings for lack of personal jurisdiction.

II.     **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

   A.     <u>The First Amended Complaint Fails to Plausibly Allege that Defendants Committed an "Act of Terrorism" or that the Incidents Pleaded are "Acts of Terrorism"</u>

A plaintiff asserting a claim under the ATA must allege and prove that the defendant committed an "act of international terrorism." 18 U.S.C. § 2333. Plaintiffs fail to plead that the criminal acts that caused their injuries qualify as "international terrorism," within its statutory definition or that the parties committing those acts were terrorists within the meaning of the statute.

   B.     <u>The First Amended Complaint Fails to Plausibly Allege that Defendants Proximately Caused Plaintiffs' Injuries</u>

The ATA requirement that a plaintiff was injured "by reason of" the action of the defendant, 28 U.S.C. § 2333, necessitates a showing of proximate cause.  The First Amended Complaint fails to plausibly allege the required proximate connection between Defendants and the acts of violence against Plaintiffs. It fails to plausibly allege any direct link between Defendants and the drug cartels that perpetrated the acts of violence against Plaintiffs. It likewise fails to allege that any conduct by Defendants was a substantial factor in causing Plaintiffs' injuries.

Plaintiffs cannot demonstrate that the drug cartels, profit-driven, transnational criminal enterprises, used the financial services allegedly provided by the Defendants to commit the acts of violence against Plaintiffs.

    C.    <u>The First Amended Complaint Fails to Plausibly Allege that Defendants Possessed Terroristic Intent</u>

A plaintiff asserting a claim under the ATA must allege and prove that the defendant possessed objective terroristic intent. 18 U.S.C. § 2333.  The Amended Complaint fails to allege any plausible basis on which any Defendant can objectively be said to possess this required terroristic purpose.

    D.    <u>The First Amended Complaint Fails to Plausibly Allege Scienter As to Any Defendant</u>

Plaintiffs' claims require a showing that Defendants engaged in deliberate, knowing wrongdoing.  *See* 18 U.S.C. § 2339A (rendering unlawful the "provid[ing] material support or resources … *knowing or intending* that they are to be used in preparation for, or in carrying out," one of several enumerated criminal offenses) and 18 U.S.C. § 2339C (rendering unlawful any person who "directly or indirectly, unlawfully and willfully provides or collects funds *with the intention* that such funds be used, or with the knowledge that such funds are to be used, in full or in part, in order to carry out" certain criminal offenses) (emphasis added).  Plaintiffs fail to allege that Defendants acted with intent and their conclusory allegations of knowledge are inadequate as to each claim.

    E.    <u>Claims Against HSBC Holdings and Grupo Financiero are Not Cognizable Under the ATA</u>

HSBC Holdings and Grupo Financiero are bank holding companies.  In order for liability to attach under 18 U.S.C. § 2339A, the defendant must provide "material support", such as the provision of financial services. 18 U.S.C. § 2339A.  Similarly, Section 2339C makes unlawful

"directly or indirectly … provid[ing] or collect[ing] funds." 18 U.S.C. § 2339C.  The Amended Complaint does not allege that HSBC Holdings or Grupo Financiero offered financial services to anyone or that these entities "provid[ed] or collect[ed]" any funds. There is no cognizable claim under the ATA for a parent company's failure to supervise or warn a subsidiary, and Plaintiffs' claims against these Defendants necessarily fail.

### III. Conclusion

Defendants respectfully request that this action be transferred to the Southern District of New York pursuant to 28 U.S.C. §§ 1404 and 1406 and move for dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Dated: Brownsville, Texas
       June 3, 2016

                            Respectfully submitted,

                                /s/  *Mitchell C. Chaney*
                          Mitchell C. Chaney
                          Attorney In Charge For Defendant
                          Texas Bar No. 04107500
                          Southern District of Texas I.D. No. 1918
                          Email:  mc.chaney@rcclaw.com
                          Jaime A. Saenz
                          Texas Bar No. 17514859
                          Southern District of Texas I.D. No. 7630
                          Email:  ja.saenz@rcclaw.com
                          COLVIN, CHANEY, SAENZ & RODRIGUEZ, L.L.P.
                          1201 East Van Buren (78520)
                          Post Office Box 2155
                          Brownsville, Texas 78522
                          (956) 542-7441
                          Fax (956) 541-2170

                          Mark G. Hanchet
                          MAYER BROWN LLP
                          1221 Avenue of the Americas
                          New York, NY 10020-1001
                          (212) 506-2500
                          Email: MHanchet@mayerbrown.com

        Admitted *Pro Hac Vice*

        Marc R. Cohen
        MAYER BROWN LLP
        1999 K. Street, N.W.
        Washington, DC 20006-1101
        (202) 263-3000
        Email:  MCohen@mayerbrown.com
        Admitted *Pro Hac Vice*

        *Counsel for Defendants HSBC Holdings plc, HSBC Bank USA, N.A. HSBC México S.A., Institución de Banca Múltiple, Grupo Financiero HSBC and Grupo Financiero HSBC, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were filed electronically via the Southern District of Texas Electronic Case Management/Case Filing System (CM/EFC). All counsel of record that are registered with the CM/ECF will receive electronic notice of this filing. All other counsel or parties will be served today, June 3, 2016, in accordance with the Federal Rules of Civil Procedure.

        /s/ Mitchell C. Chaney
        Mitchell C. Chaney